# CASES

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

### JULY TERM, 1841.

---

WILLIAM C. MULFORD and JOSEPH LODGE, junior, two of the Administrators of SAMUEL DARE, deceased, v. BENJAMIN ALLEN, Surviving Executor of BENJAMIN ALLEN, deceased, and MARY A. DARE.

The choses in action of the wife, whether acquired before or during the coverture, not reduced into possession by the husband, survive to the wife.

If the husband, before marriage, make a settlement on his wife in consideration of her fortune, he will be considered in equity as the purchaser of her fortune, and her choses in action, though not reduced into possession by her husband, will go to his representatives.[*]

THE bill was originally filed in the name of all the administrators of Samuel Dare, deceased, of whom Mary A. Dare, his

---

[*] Accord. *Blois* v. *Hereford*, 2 *Vern.* 501; *Ld. Carteret* v. *Paschal*, 3 *P. W.* 199, *note D.* But according to the modern cases it is established that the settlement, to be the purchase of the wife's fortune, must either express it to be for that consideration, or the contents of the settlement altogether must import that, and plainly import it, as much as if it were expressed. Per Ld. Eldon in *Druce* v. *Denison*, 6 *Vesey*, 395. See also *Carr* v. *Taylor*, 10 *Vesey*, 574; *Mitford* v. *Mitford*, 9 *Vesey*, 87; *Beresford* v. *Hobson*, 1 *Maddock's Rep.* 199; *Blois* v. *Hereford*, 2 *Vernon*, 503, *note* 4; 1 *Roper on Husb. and Wife*, 289, *et seq.*

widow, was one; but at January term, 1840, the name of Mary A. Dare, who claimed adversely to the complainants, was ordered to be stricken out of the bill as complainant, and she was made a defendant.* The bill states that Benjamin Allen, by his will, dated the 1st of December, 1823, after making provision for his wife, &c., bequeathed the residue of his estate to be divided equally among his children, and died on or about January 1st, 1824. That Benjamin Allen and William Allen, the executors named in said will, duly proved the same, and that William hath died, leaving Benjamin surviving. That the said Benjamin Allen settled his accounts as surviving executor of the said Benjamin Allen, deceased, in the surrogate's office of the county of Gloucester, exhibiting a nett balance of eighteen thousand four hundred and forty-seven dollars and forty cents in his hands, to be disposed of agreeably to the will of the said testator. That Mary A. Dare, one of the daughters of the said testator, was, at the date of his will and at the time of his death, the wife of Samuel Dare, late of the county of Salem, deceased. That the said Samuel Dare died on or about the 15th day of February, 1838, intestate, leaving a large real and personal estate, and leaving the said Mary A. Dare his widow. That administration upon his estate was in due form of law granted, by the surrogate of the county of Salem, to the complainants and the said Mary A. Dare. That the said Samuel Dare died seized of a large real and personal estate; and that the said Mary A. Dare has demanded and received her dower in the real estate, and will be entitled to one third of the surplus of the personal estate, amounting by estimation to four thousand dollars. That the said Samuel Dare was entitled, as the husband of the said Mary A. Dare, under the will of her father, Benjamin Allen, to the sum of twelve hundred and twenty-nine dollars and fifty-five cents, only a small portion of which was paid to the said Samuel Dare in his life time. That the surviving executor of the said Benjamin Allen repeatedly promised to pay the said legacy, and actually paid to the said Samuel Dare, or to his wife Mary for him and

* See ante, page 288.

[Adm'rs of Dare v. Ex'rs of Allen.]

to his use, interest upon the said legacy. That the complainants have applied to him for payment thereof, and that he refuses to pay the same. Prayer that the defendants may account, and pay over the legacy, with interest, to the complainants.

The answer of the defendants admits the will of Benjamin Allen, the death of the testator, the probate of his will, the marriage of his daughter Mary to Samuel Dare, the death of Samuel Dare, and the right of his widow, Mary A. Dare, to a portion of his estate, as set forth in the bill of complaint. And Mary A. Dare, answering for herself, saith, that at the death of her father, Benjamin Allen, her husband, Samuel Dare, was a man of large estate, and carrying on a prosperous business; that he informed this defendant that he had no need of the said legacy bequeathed to her by her father, that he would not accept or receive it, or exercise any right or control over it, but that it might remain in the hands of her brother, the surviving executor of her father, for her sole and separate use and benefit, and that the interest accruing thereon might be received by her alone and be appropriated by her to such uses and purposes as she alone might see proper. That she received from the said executor sundry goods and chattels and payments on account of the said legacy, and also the interest on the balance thereof, up to the year 1837. That the said interest was so received by this defendant with the knowledge and approbation of her husband, the said Samuel Dare; that no part of it was paid over to him, but the whole of it was appropriated to such uses and purposes as she saw proper, without any control, direction or authority exercised or attempted to be exercised in relation thereto by the said Samuel Dare. The defendant, Benjamin Allen, surviving executor as aforesaid, answering for himself, saith, that he made certain payments on account of the said legacy to the said Mary A. Dare. That a settlement was made with her on the 28th of October, 1828, at which time there remained in his hands a balance of one thousand dollars, upon which she was entitled to interest, and which was paid to her from that time until the 28th of October, 1837; and that the interest from that time, with the prin-

54

cipal of the legacy, still remains due. That the said Samuel Dare in his life time, as defendant was informed and as he believes, always declined receiving, or having any thing to do with the said legacy ; that he left it in the hands of this defendant, for the sole and separate use of the said Mary A. Dare ; and that the interest to accrue thereon, was in like manner to be received by her, and appropriated in such manner, and to such uses and purposes, as she might deem proper, without any control or direction from the said Samuel Dare. That the several sums of money paid by this defendant to the said Mary A. Dare, were paid to and for her sole and separate use ; and he utterly denies that he ever paid to the said Samuel Dare, in his life time, any part or portion of the said legacy, or of the interest thereon, or that the said Samuel Dare ever demanded the said legacy, or the interest thereon, or that this defendant ever promised to pay him the same. Insists that the said legacy, not having been collected or reduced into possession by the said Samuel Dare in his life time, survives to the said Mary A. Dare.

The cause came on for hearing upon the bill and answer ; no replication having been filed, nor any evidence taken by either party.

*Jeffers*, for complainants.

*Macculloch* and *I. H. Williamson*, for defendants. Cases cited for the defendants : *Elmer's Dig.* 58, *s.* 32 ; 1 *Roper on Husb. and Wife*, 201, 204, 209 ; *Blount* v. *Bestland*, 5 *Vesey*, 515 ; *Wildman* v. *Wildman*, 9 *Vesey*, 174 ; *Nash* v. *Nash*, 2 *Maddock's Rep.* 133, 411 ; 3 *Levinz*, 403 ; 2 *Maule and Sel.* 393 ; 2 *Kent's Com.* 136 ; *Schuyler* v. *Hoyle*, 5 *Johns. Chan. R.* 196.

THE CHANCELLOR. This case is brought to a hearing on bill and answer ; and upon the ordinary rule of the court, as well as by statute in this state, the answer is to be taken as true. This leaves us in no doubt as to the facts of the case, for they

[Adm'rs of Dare v. Ex'rs of Allen.]

are stated by the defendants in a very plain and explicit manner. The bill charges, that Benjamin Allen, by his will, bequeathed to his daughter Mary, one of the defendants, and who was at the time married to Samuel Dare, a considerable legacy, and the amount of which legacy is now claimed by the representatives of that husband as belonging to his estate. The bill does not allege that any change ever took place in the life time of the husband in the character of the demand, by giving new securities, or entering into any fresh obligations, but proceeds upon the fact that the executors of Benjamin Allen had paid the husband a part of the money, and repeatedly promised to pay him the residue; and that, as the legacy accrued to the wife during her coverture, her husband became entitled to it in his own right, without reducing it into possession. The answer is joint and several, by Benjamin Allen, the surviving executor of the testator, and Mary A. Dare, the widow, and it places the facts in a very different light from the complainants' bill. After admitting the legacy bequeathed to Mrs. Dare, and the amount still due on that account in the hands of the executor of Benjamin Allen, Mary A. Dare, the widow, answering for herself, says, that her husband, being a man of large estate and in prosperous business, told her that he had no need of the legacy given her by her father's will, and that he would not accept or receive it, but it might remain in the hands of her brother, the executor of her father, for her sole and separate use; and that she accordingly let the money remain in the executor's hands, and received for her own use the interest on it from year to year, with her husband's knowledge and consent, and always appropriated it to such uses as she pleased, without being controlled by her husband. And the surviving executor, answering for himself, says, that the principal of the legacy still remains in his hands; that he paid the interest annually to Mary A. Dare during her husband's life time, down to the year 1827, from which time the interest remains unpaid. That he was informed that Samuel Dare declined having any thing to do with the legacy. He denies that he paid to Samuel Dare in his life time any portion of

the said legacy, or ever promised so to do, or that the said Samuel Dare demanded it, or any part of it, from him; and he further denies that there ever was any conversation between him and Samuel Dare respecting the said legacy.

Taking this answer to be true, all pretence of any act on the part of the husband towards obtaining possession of the debt, is done away. So far from being paid a part and promised the residue, it does not appear that one word ever passed between him and the executor respecting it. I suppose, to a man in his circumstances, the bequest to his wife, which amounted to twelve or thirteen hundred dollars only, was a matter of no moment; or, as I am more willing to believe, he might have felt a just pride not to interfere with his wife's patrimony.

The case is brought, then, to the single question, whether there was any necessity for the husband to reduce this debt into possession during his life, to enable his representatives after his decease to claim it? No principle is better settled, than that the choses in action of the wife, not reduced into possession by the husband, survive to her. Embarrassment sometimes arises from not distinguishing between the different kinds of personal property to which a wife may become entitled. Personal chattels, such as household goods and things moveable, vest in the husband absolutely at the marriage, without the intervention of any court or any act on his part to establish his claim to it. But to her choses in action, such as debts due her by note, or bond, or legacy, &c., he has only a qualified interest, and if he fail during his life to assert and maintain that right, by reducing them into possession, if the husband die first they belong to the wife by survivorship. Nor is there any difference in this principle whether the choses in action belong to the wife at the time of the marriage, or accrue during coverture. A distinction of this kind has, I find, been stated by counsel in arguments and in some elementary treatises, but the adjudged cases make no difference, and in several of the most important cases the property actually came to the wife during the marriage. The only difference is in the proper parties to a suit for recovering these demands in the life

time of the husband; for those rights accruing to the wife before marriage, it would seem proper that the wife should be joined in the suit with her husband; but in those accruing during marriage, she may or may not be joined, at pleasure. The case of *Blount* v. *Bestland*, cited from 5 *Vesey*, 515, is one of a legacy made to a married woman. The only question made was, whether under the circumstances the acts of the husband might not be considered as sufficient to perfect his right in the property, but it was adjudged otherwise, and the widow was held to be entitled. So also in the case of *Wildman* v. *Wildman*, 9 *Vesey*, 174, the right accrued during coverture, and the question was, whether the husband had consummated his claim in his life time; and the court, being of opinion that he had done no act reducing it into possession, decided in favor of the widow. In *Schuyler* v. *Hoyle and wife*, 5 *John. Chan. R.* 196, this whole subject is carefully examined, and the cases reviewed. The principle here asserted is fully sustained, and it is shown that it makes no difference whether the wife's interest vests before or after coverture. See also 2 *Maddock's Rep.* 133, 2 *Maule and Selw.* 393, 9 *Vesey*, 87.

Nor can the complainants derive any advantage from the admitted fact, that Mary A. Dare has received dower in the lands of her husband, and will receive a very handsome share of his personal estate. No such considerations can at all vary her rights in the property in dispute here. Had this husband, before marriage, made a settlement on his wife in consideration of her fortune, he would be considered in equity as the purchaser of her fortune, and her choses in action would have belonged to her husband's representatives without being reduced into possession; but this rule has no application to property which a wife may derive from her husband at his death.

As, therefore, Samuel Dare in his life time took no steps to reduce into possession the property in dispute here, it survived to his widow, Mary A. Dare, and the complainants have failed to make out a case entitling them to a decree of the court in their favor. The bill must be dismissed, with costs.